UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          FOR ONLINE PUBLICATION ONLY
------------------------------------------------------------------ X
In re:                                                          :
                                                                :
INTERNATIONAL TOTAL SERVICES, INC.,          :          MEMORANDUM
                                                                :          AND ORDER
                                         Debtor.          :
------------------------------------------------------------------ X          06 CV 2957 (JG)
WESTCHESTER FIRE INSURANCE CO.,                 :
                                                                :
                                         Appellant,          :
                                                                :
                - against -                                     :
                                                                :
DELTA AIR LINES, INC.,                          :
                                                                :
                                         Appellee.          :
------------------------------------------------------------------ X

A P P E A R A N C E S :

        STEVENS & LEE, P.C.
                48 Madison Avenue, 20th Floor
                New York, New York  10022
        By:     Walter Benzija
                Constantine D. Pourakis
                Leonard P. Goldberger
                Attorneys for Appellant

        McKEEGAN & SHEARER, P.C.
                192 Lexington Avenue
                New York, New York  10016
        By:     Douglas Shearer
                George P. McKeegan
                Attorneys for Appellee

JOHN GLEESON, United States District Judge:

        Westchester Fire Insurance Company ("Westchester") appeals from an order of

the United States Bankruptcy Court for the Eastern District of New York (Dorothy T. Eisenberg,

*Judge*) granting the motion of Appellee Delta Air Lines, Inc. ("Delta") to lift the automatic stay

protecting the debtor International Total Services, Inc. ("ITS") in order to permit Delta to assert a

cross-claim against ITS in name only in a civil action pending against Delta in state court.

Because Delta's "lift stay" request was limited to any insurance proceeds that may be available

under certain general liability policies issued to ITS by Westchester (the "ITS policies"), ITS did

not object to the request, and even Westchester conceded that an order lifting the stay would have

no effect on the debtor. Tr. of March 28, 2006 Hearing, at 9.

      Westchester nonetheless objected before the bankruptcy court, and now appeals,

on several grounds: First, Westchester claims that because Delta has itself filed for bankruptcy

and is thus protected by an automatic stay, the civil action against it cannot proceed and therefore

Delta has no need to seek indemnification from Westchester by naming ITS in a cross claim.

Second, Westchester argues that because three stipulations entered in the bankruptcy court, taken

together, release Westchester from all liability on the ITS policies, Delta's attempts to recover on

the policies will be futile and therefore should be precluded. Finally, Westchester contends that

the lift stay order constitutes an impermissible "collateral attack" on the bankruptcy court's

Confirmation Order settling the debtor's estate.

      Oral argument was heard on the appeal on August 25, 2006. For the reasons set

forth below, I conclude that all of Westchester's arguments are without merit, and the order of

the bankruptcy court is affirmed.

      The bankruptcy court may grant a motion to lift an automatic stay for "cause," *see*

11 U.S.C. § 362(d)(1), and my review of such a determination is confined to whether the

bankruptcy court abused its discretion, *see In re Sonnax*, 907 F.2d 1280, 1286 (2d Cir. 1990). As

the Second Circuit has acknowledged, the term "cause" is nowhere specifically defined in the

bankruptcy code, but it is rather left to the discretion of the bankruptcy court to administer as the

facts of each case require. *Id*. A classic example of "cause," however, listed by the Senate

Report, S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S. Code Cong. & Admin.

News 5787, 5838, and reiterated by the Second Circuit in *Sonnax*, is "the lack of any connection

with or interference with the pending bankruptcy case." 907 F.2d at1285. Indeed, as Collier's

treatise explains:

> Actions which are only remotely related to the case under title 11 or which
> involve the rights of third parties often will be permitted to proceed in another
> forum .... Where the claim is one covered by insurance or indemnity, continuation
> of the action should be permitted since hardship to the debtor is likely to be
> outweighed by hardship to the plaintiff.

2 *Collier on Bankruptcy* ¶ 362.07(3).

The bankruptcy court was thus correct to focus on whether lifting the stay could

affect "this debtor's estate in any way," Tr. at 9, and Westchester's counsel having conceded the

point -- "I understand that the debtor -- the estate may not be implicated," Tr. 9 -- the bankruptcy

court properly concluded that the objections raised by Westchester, injecting a dispute about the

extent of coverage, if any, under the ITS policies, were better left for adjudication in state court.

Westchester's first argument -- that the stay should not be lifted because Delta has

itself filed for bankruptcy and thereby stayed the state court action against it -- could hardly be

farther afield. Delta is in the best position to prioritize its own legal initiatives, and if, in Delta's

view, now seems like a good time to shore up indemnification in the state court action,

Westchester's opinion that the matter can wait is of no consequence.

Westchester's second argument is based on three stipulations entered into in the

bankruptcy action, which, according to Westchester, release it from any potential liability to

3

Delta under the ITS policies. Delta was not a party to two of those stipulations, which are between ITS and Westchester, and it is not obvious why Delta should be bound by them, especially in light of Delta's claim that it is entitled to coverage as an additional insured under the ITS policies. The third stipulation, resolving certain claims between Delta and ITS, seems consistent with Delta's lift stay motion, which makes clear that the cross claim it seeks to assert is against ITS *in name only* and is limited to any insurance proceeds that may -- or may not -- be available. As Delta points out, allowing it to proceed against ITS in name only simply avoids the necessity of Delta having to bring a separate lawsuit in state court against Westchester for a declaratory judgment on the issue of coverage under the ITS policies. In sum, the validity of Westchester's objections turn on questions of state insurance law-- only obliquely developed here -- rather than federal bankruptcy law, and the bankruptcy court was well within its discretion to deem the dispute over coverage as one better left to the New York courts.

Finally, Westchester's assertion that the lift stay order somehow represents a "collateral attack" on the bankruptcy court's Confirmation Order borders on frivolous. The bankruptcy court was well aware of the Confirmation Order when it granted Delta's motion to lift the stay, and it did so expressly because there was no appreciable effect on the debtor or the debtor's estate. Indeed, the debtor had no objection to Delta's motion.

The judgment of the bankruptcy court is accordingly affirmed.

So ordered.


John Gleeson, U.S.D.J.

Date:  Brooklyn, New York

August 28, 2006